GREGORY B. KOLTUN (CA SBN 130454)
Email: gkoltun@mofo.com
JESSICA EDERER (CA SBN 228679)
Email: jederer@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendants
UPS CAPITAL INSURANCE AGENCY, INC. OF
CALIFORNIA, AND UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC BUSINESS ORGANIZATION CORPORATION, a California corporation, dba ABO PHARMACEUTICALS,<br><br>Plaintiffs,<br><br>v.<br><br>UPS CAPITAL INSURANCE AGENCY, INC. OF CALIFORNIA, et al.<br><br>Defendants. | Case No.   08 CV 0227 DMS NLS<br><br>**DEFENDANTS UPS CAPITAL INSURANCE AGENCY, INC. OF CALIFORNIA AND UNITED PARCEL SERVICE, INC.S' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**Demand for Trial by Jury** |

Defendants UPS Capital Insurance Agency, Inc. of California and United Parcel Service, Inc. ("UPS Defendants") answer the allegations contained in the Plaintiff's Complaint as it pertains to the Defendants as follows. Defendants deny each and every allegation in Plaintiff's Complaint, except as hereinafter specifically admitted, qualified or otherwise answered.

**General Allegations As To All Defendants**

1.   The UPS Defendants admit the allegations of paragraph 1.

2.   The UPS Defendants admit that UPS Capital Insurance Agency, Inc. of California is a corporation organized and existing under the laws of the State of California. Except as expressly admitted, the UPS Defendants deny the allegations in paragraph 2.

3. The allegations in paragraph 3 are directed toward another defendant, therefore no response is required. To the extent a response is required, the UPS Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 3, and therefore deny them.

4. Defendants admit that United Parcel Service, Inc. is a corporation authorized to conduct business in the State of California. Except as expressly admitted, the USP Defendants deny the allegations in paragraph 4.

5. The allegations in paragraph 5 are directed toward other defendants, therefore no response is required. To the extent a response is required, the UPS Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 5, and therefore deny them.

6. The allegations in paragraph 6 are directed toward other defendants, therefore no response is required. To the extent a response is required, the UPS Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 6, and therefore deny them.

7. The UPS Defendants admit that Plaintiff became a named insured under the policy attached as Exhibit A to the Complaint, and that the policy was issued by Indemnity Insurance Company of North America, with UPS Capital Insurance Agency, Inc. of California as agent. The UPS Defendants affirmatively allege that Exhibit A does not include all documents forming part of the policy issued to plaintiff. Except as expressly admitted, defendants deny the remaining allegations of paragraph 7.

8. The UPS Defendants admit that the policy attached as Exhibit A to the Complaint afforded insurance coverage to plaintiff for damages subject to all of the terms and conditions contained in the policy issued to plaintiff. Except as expressly admitted, the UPS defendants deny the remaining allegations of paragraph 8.

9. The UPS Defendants admit that Plaintiff filed a claim for damage of property to Defendant UPS Capital. Except as expressly admitted or otherwise answered, the UPS Defendants deny the allegations in paragraph 9.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

10. In response to paragraph 10 of the Complaint, the UPS Defendants incorporate by reference their answers to paragraphs 1 through 9.

11. The UPS Defendants admit the allegations of paragraph 11.

12. The UPS Defendants admit that plaintiff provided timely notice of its request for compensation. Except as expressly admitted or otherwise answered, the UPS Defendants deny the allegations in paragraph 12.

13. The UPS Defendants deny the allegations of paragraph 13.

14. The UPS Defendants deny the allegations of paragraph 14.

15. The UPS Defendants deny the allegations of paragraph 15.

## SECOND CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

16. In response to paragraph 16 of the Complaint, the UPS Defendants incorporate by reference their answers to paragraphs 1 through 15.

17. To the extent the allegations in paragraph 17 contain conclusions of law, no response is required. To the extent a response is required, the UPS Defendants deny the allegations stated in paragraph 17, except they admit that under the insurance policy attached to the Complaint as Exhibit A, plaintiff was owed a duty of good faith and fair dealing.

18. To the extent the allegations in paragraph 18 and each of its subsections contain conclusions of law, no response is required. To the extent a response is required, the UPS Defendants deny the allegations stated in paragraph 18 and each of its subsections.

19. The UPS Defendants deny the allegations of paragraph 19.

20. The UPS Defendants deny the allegations of paragraph 20.

21. The UPS Defendants deny the allegations of paragraph 21.

## THIRD CAUSE OF ACTION

### (Unfair Business Practices, Business & Professions Code § 17200 et seq.)

22. In response to paragraph 22 of the Complaint, the UPS Defendants incorporate by reference their answers to paragraphs 1 through 21.

23. The UPS Defendants deny the allegations of paragraph 23.

24. The UPS Defendants deny the allegations of paragraph 24.

25. The UPS Defendants deny the allegations of paragraph 25.

26. The UPS Defendants deny the allegations of paragraph 26.

27. To the extent the allegations in paragraph 27 contain conclusions of law, no response is required.  To the extent a response is required, the UPS Defendants deny the allegations stated in paragraph 27.

## FOURTH CAUSE OF ACTION
### (Negligence)

28. In response to paragraph 28 of the Complaint, the UPS Defendants incorporate by reference their answers to paragraphs 1 through 27.

29. UPS admits that it is responsible for loss or damage pursuant to the terms of its Tariff/Terms and Conditions of Service.  Except as expressly admitted, the UPS Defendants deny the allegations of paragraph 29.

30. The UPS Defendants deny the allegations of paragraph 30.

31. The UPS Defendants deny the allegations of paragraph 31.

32. The UPS Defendants deny the allegations of paragraph 32.

## AFFIRMATIVE DEFENSES

As a further and separate answer to Plaintiff's Complaint, the UPS Defendants assert the following affirmative defenses.  By setting forth these affirmative defenses, the UPS Defendants do not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.   Plaintiff's Complaint fails to state facts sufficient to constitute a valid cause of action against the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Release)**

2.   Plaintiff's claims are barred as a result of an agreement reached with plaintiff to resolve plaintiff's claim in full, before the Complaint was filed.

**THIRD AFFIRMATIVE DEFENSE**

(Limitation of Liability)

3.   Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents and the UPS Tariff/Terms and Conditions of Service), the maximum liability assumed by UPS for each package or letter shipped shall not exceed $100 (one hundred dollars) or the amount of declared value, whichever is greater.

**FOURTH AFFIRMATIVE DEFENSE**

**(FAAAA Preemption)**

4.   Some or all of Plaintiffs claims for relief are preempted by, *inter alia*, the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A).

**FIFTH AFFIRMATIVE DEFENSE**

**(Carmack Amendment and Federal Common Law Preemption)**

5.   Some or all of Plaintiff's claims for relief may be preempted and/or limited by, *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (a) & (c) or federal common law governing an air carrier's liability for transporting property.

**SIXTH AFFIRMATIVE DEFENSE**

**(Terms and Conditions of Tariff)**

6.   Plaintiff's claim against UPS is subject to the terms and conditions concerning liability for loss or damage, set forth in the UPS Tariff/Terms and Conditions of Service in effect on the date of shipment.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Terms, Conditions, Exclusions of Policy)**

7. Plaintiff's claims are subject to all terms, conditions and exclusions contained in the insurance policy under which it asserts coverage.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

8. The UPS Defendants further allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional as yet unstated, affirmative defenses.

WHEREFORE, the UPS Defendants pray for judgment as follows, and that:

1. Plaintiff take nothing from Defendants by virtue of the Complaint;
2. Judgment be entered against Plaintiff and in favor of Defendants.
3. Defendants be awarded their costs of suit; and
4. Defendants be granted such other and further relief as the Court may deem just and proper.

Dated: March 26, 2008                MORRISON & FOERSTER LLP


By:  s/Gregory B. Koltun
     Gregory B. Koltun

     Attorneys for Defendant
     UPS CAPITAL INSURANCE
     AGENCY, INC OF CALIFORNIA
     AND UNITED PARCEL SERVICE,
     INC.